**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                            Case No. 02-80481

CURTIS CARR,

    Defendant.
                                            /

**OPINION AND ORDER
DENYING PETITION FOR REVOCATION OF SUPERVISED RELEASE**

On August 14, 2003, the court sentenced Defendant Curtis Carr to 57 months' imprisonment followed by three years of supervised release for possession of counterfeit securities, 18 U.S.C. § 513(a), a class C felony. (Dkt. # 47, Pg. ID 114–15.) On June 3, 2010, the court revoked Defendant's term of supervised release and sentenced him to 24 months' imprisonment. (Dkt. # 109, Pg. ID 352.) Defendant is presently before the court on a petition for revocation of supervised release. (Dkt. # 110.) Because the court lacks authority to impose any additional prison time on Defendant, the court will deny the petition for revocation of supervised release.[1]

A court may revoke a term of supervised release pursuant to 18 U.S.C.

---

[1] Defendant submitted a "Memorandum of Law Regarding Revocation of Supervised Release" explaining why the court cannot impose additional prison time on him. The Government's response states in relevant part that "[t]he Government agrees with defendant Curtis Carr that the supervised release statute . . . does not permit additional imprisonment based on Carr's new violations of the terms of supervised release." (Dkt. # 116, Pg. ID 378.) Despite the parties' agreement, due to the unique nature of this case, the court will nonetheless provide a brief explanation of its reasoning.

§ 3583(e)(2). Because Defendant committed the original offense in January and February of 2000, the 1994 version of § 3583(e) applies to this case. *See United States v. VanHoose*, 437 F.3d 497, 500 n. 3 (6th Cir.2006) ("The relevant date . . . is not the date of conviction or sentencing but the date the offense was committed."). The 1994 version of § 3583(e) provides in relevant part that a court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . *except that a defendant whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if such offense is a class C or D felony*. . . .

18 U.S.C. § 3583(e)(3) (1994). The current version, as amended in 2003, states that "a defendant whose term is revoked under this paragraph may not be required to serve *on any such revocation* . . . more than 2 years in prison if such offense is a class C or D felony . . . ." 18 U.S.C. § 3583(e)(3) (2003). "Before the statute was amended to include the phrase 'on any such revocation,' § 3583(e)(3) was interpreted by this Court as well as the rest of the circuits to allow defendants to aggregate prison time served for multiple revocations of supervised release and to credit this time towards the maximum term of imprisonment authorized by the statute." *United States v. Perry*, 743 F.3d 238, 241 (7th Cir. 2014). The 2003 amendment prevents this aggregation of prior sentences toward the statutory maximum.

Under the 1994 version of § 3583(e)(3) applicable to this case, Defendant may only face a total of 24 months' imprisonment as a result of multiple supervised release violations. Defendant served 24 months' imprisonment after his first supervised release

violation. Thus, despite his most recent violation, this court is without authority to impose any additional prison time on Defendant. Accordingly,

IT IS ORDERED that the petition for revocation of supervised release [Dkt. # 110] is DENIED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: April 28, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 28, 2014, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522